Robinson v. Webb.

### John W. Robinson v. A. M. Webb.

1. FARM LABOR—*Work on Sunday.*—Where a party hires to work for a farmer at a stipulated rate per month, knowing that certain work will be required of him on Sunday, the law will not imply a promise to pay additional wages for such work, and before he can recover for the same he must show a special agreement on the part of his employer to pay extra therefor.

2. VERDICTS—*Misconception of the Evidence.*—A verdict, which is the result of a misconception of the evidence by the jury or of prejudice against the defendant, should not be permitted to stand.

3. SETTLEMENTS—*Presumptions Arising From.*—When parties have a settlement of their accounts and a check for the amount found due from one to the other which recites that it in full is accepted and afterward paid, the presumption of fact is strong that all items properly chargeable at the time are embraced in the settlement.

**Assumpsit,** for labor and services. Appeal from the Circuit Court of Logan County; the Hon. JOHN H. MOFFETT, Judge, presiding. Heard in this court at the November term, 1897. Reversed. Opinion filed February 9, 1898.

KING & MILLER, attorneys for appellant.

E. C. Moos and S. L. WALLACE, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

On the sixth of March, 1893, appellee began working as a farm hand for appellant at $20 per month and continued to work for him at that rate for four years, when his wages were changed to $18 per month and so continued until the employment terminated on the twentieth of May, 1897. Appellant is an extensive stock farmer in Logan County, and during the course of the employment appellee performed some work on Sundays, such as milking cows and feeding stock. An account was kept during the entire time by appellant and frequent settlements were made by it. On the twentieth of May, 1897, at the time the employment terminated, a final settlement was had between the parties, and appellee accepted a bank check for $24.35, which recited that it was in full payment for work to date. It has never been claimed by appellee that he has not been fully paid for the stipulated monthly wages of $20 and $18 per month. This suit was brought to recover for work done on Sundays, however, and in the Circuit Court a judgment was rendered in his favor for $52.50.

Where a man enters the employment of a farmer as a farm hand at a stipulated rate per month, knowing that work in the nature of "choring" will be required of him on Sundays, the law will not imply a promise to pay additional wages for such work. The agreement to labor by the month for a certain compensation includes such work, and before a recovery could be had for it, it would devolve upon the plaintiff to show that

Robinson v. Webb.

there was a special agreement on the part of the employer to pay extra therefor. Lowe v. Marlow, 4 Bradwell, 420.

In this case appellee swears that appellant made a special promise to pay for work done on Sundays over and above the stipulated monthly wages. He is contradicted by appellant, and several witnesses, some of whom worked with him, testified that appellee told them he was to receive nothing extra for Sunday work. The testimony of appellee is unreasonable and unworthy of belief. If there was such an agreement as he contends for, it is not reasonable to believe that in the frequent settlements had during the course of the four years' employment he would not have insisted upon compensation for Sunday work being included. Nor can we think that he would have accepted a check for $24.35 when the employment terminated, which recited that it was in full for all work, if at that time appellant owed him for what he had done on Sundays. Where parties have a settlement of their accounts and a check for the amount found due from one to the other, which recites that it is in full, is accepted and afterward paid, the presumption of fact is strong that all items properly chargeable at the time are embraced in the settlement.

We are forced to say that the jury in this case either misconceived the evidence or were actuated by prejudice. The facts are so clearly against appellee that a judgment in his favor for any amount should not be permitted to stand. The one rendered will be reversed, but the case will not be remanded. Judgment reversed.